**BRANSCOMB, Admr. v MIAMISBURG (City)**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1635.   Decided June 11, 1940.

John Harshman, Dayton, for appellant.

Lawrence Baver, Dayton, for appellee.

## OPINION

By GEIGER, J.

This matter is before this Court upon appeal from an order of the Court of Common Pleas of Montgomery County, Ohio, entered January 8, 1940, overruling a motion for a new trial and entering judgment in favor of the defendant.

In the first cause of action the administrator of the decedent describes the location, within the corporate limits of the City of Miamisburg, of a public highway known as Bear Creek Road running north and south and connecting with an east and west street in said municipality.   It is alleged that said Bear Creek Road as it proceeds southward was in the corporate limits of the municipality as an improved roadway and before it reaches the point in question is straight, but as it proceeds southwardly it narrows and curves to the left and passes over an elevation some ten feet in height; that tangent to said curve and at the base of the incline is the junction with another public road running southwardly from the curve in the Bear Creek Road; that at the time complained of the defendant had negligently constructed and was maintaining a guard rail along the westerly side of the slope of the Bear Creek Road by maintaining the northerly end on the curve at the edge of the traveled portion without turning or otherwise constructing said northerly terminus so that the same would not interfere with south bound traffic; that the defendant negligently permitted said guard rail to remain unpainted and unmarked by any device to make the end of the guard rail discernible; that the defendant negligently permitted the guard rail to become weatherbeaten and dull in appearance and that the northern end could not with reasonable care be distinguished.

Plaintiff alleges that on the 24th of August, 1934, it being then dark, the decedent drove his automobile southwardly upon the Bear Creek Road in a careful manner and without any negligence on his part collided with the north terminus of the weatherbeaten and unpainted guard rail carelessly maintained by the defendant and that as a proximate result the decedent received injuries from which he died.

474

Plaintiff recites the condition of decedent's health immediately prior to the accident and asks for judgment in the sum of $15,000. For second cause of action he asks for judgment in the sum of $125 as damage to the automobile.

The city in its answer admits the formal allegations and the death of the decedent but denies all other allegations, especially that the decedent was driving the automobile in a careful and lawful manner and without negligence and alleges that the collision was caused wholly by want of ordinary care in that (1) Plaintiff was, at the time of the accident, living in the vicinity and knew the exact location of the guard rail; (2) That he was operating his automobile while under the influence of liquor; (3) He was operating in violation of §12603 GC in that he operated in such a manner as would not permit him to bring his automobile to a stop within the assured clear distance ahead; (4) That he operated without sufficient headlights in violation of §6310-1 GC.

The administrator replied denying all the new matters of the answer.

The case went to trial before a jury and at the end of plaintiff's testimony, defendant moved to direct a verdict. The Court sustained this motion stating that in its opinion §12603 GC makes it unlawful to operate at a speed which would prevent the driver stopping within the assured clear distance ahead.

The Court states that counsel for plaintiff contends that the city permitted the guard rail to become weatherbeaten and remain unpainted and unmarked so as to make the end of the guard rail reasonably distinguishable to those traveling south on Bear Creek Road, in violation of §3714 GC requiring the municipality to keep its streets open, in repair and free from nuisance.

The Court holds that a street, the condition of which is reasonably safe, can cause harm only by the violation of the law by the defendant and that the evidence shows no negligence upon the part of the defendant in erecting the guard rail and does not show that the guard rail was the proximate cause of the collision; that there was no emergency existing to excuse the plaintiff.

The bill of exceptions discloses the testimony of the plaintiff. It is essentially to the effect that at the point in question there is a fork in the Bear Creek Road, one branch proceeding westward and one, the main branch, going up a hill on a slight curve and that along the western edge of this branch along which the plaintiff was driving his car there had been erected a guard rail consisting of two parallel planks fastened to the necessary posts. The rail was erected slightly off the macadam portion of the highway. The plaintiff while driving, in the night season, up this incline ran into the guard rail so as to cause a plank thereof to shatter his windshied and strike him upon the chest so wounding him that he soon died. Considerable testimony is adduced to the effect that in going up this incline the lights on the Bear Creek Road so shown into the eyes of the driver of the car as to obscure his vision. The evidence on this is not very satisfactory and such placing of the lights not having been plead as negligence, can not be considered.

There are other matters to which testimony was given which likewise were not plead.

A considerable part of the examination of the witnesses related to the afternoon prior to the accident. The decedent seems to have spent most of the day along the river adjacent to his home. There was at least one of the party there who was under the influence of liquor. There was also some evidence that a considerable portion of the time was spent in repairing the lights of an automobile, but it does not appear that it was the automobile involved in the accident.

We have read the record carefully and are unable to detect any evidence that the city was negligennt in the placing of the guard rail. It was in a proper position upon the street, for the

reason that it guarded a decline from the west side of the street after the two streets had forked and was appropriate for the guarding of that particular embankment. The evidence also discloses the fact that the decedent frequently passed that way in driving an automobile to and from the town.

There are two statutes regulating the method in which the decedent was required to operate his car, one relating to the strength of the lights that should be on his machine and the other that he must operate his car at such speed as to be able to bring it to a stop within the assured clear distance ahead.

One of the claims of the plaintiff is that the city permitted the guard rail to become in such condition as to render it impossible for the decedent to perceive it even though his lights were of strength required by the statute and plaintiff also asserts that for the same reason the decedent was not guilty in striking the guard rail because the same was not discernible as an obstruction upon the road. There are a large number of cases that hold that the violation of either of these sections by the driver of a machine is negligence per se and that a driver disregarding the provisions of the statute is guilty of such contributory negligence as will prevent his recovery.

Without comment, we cite §3714 as to duty of municipality, §6310-1 as to lights, §12603 as to speed of automobile. We also cite the following cases,

Skinner v R. R. Company, 127 Oh St 69.

Gumley, Admr. v Cowden, 129 Oh St 36.

Kormos v Credit Men's Co., 131 Oh St 471.

Higbee Company v Lindeman, 131 Oh St 479.

Hangen v Hadfield, 135 Oh St 281.

Curtis v Hubbel, 42 Oh Ap 520.

There are a number of other cases familiar to counsel which need not be cited. Under these cases, whether the accident was due to lack of sufficient lights or failure to observe the provisions of §12603 GC, the driver was guilty of contributory negligence and can not recover even though the city may have been negligent.

We also are of the view that no showing has been made as to the city's negligence in placing the guard rail in the position and in allowing it to remain in the condition described by the plaintiff. It was in plain view and should not have been struck by one cautiously operating his machine, especially where that person had traveled the road many times before. The driving portion of the street was open, in repair and free from nuisance. The rail was outside the macadam surface.

We are of the opinion that there was no error in directing the verdict. The judgment of the court below will be affirmed.

HORNBECK, PJ. & BARNES, J., concur.